**AMERICAN HONDA MOTOR CO., INC., a California corporation,
Plaintiff,**

v.

**PRO–LINE PROTOFORM, an entity of unknown origin, and D.T. Mattson Enterprises, Inc., a California corporation, Defendants.**

No. CV04–0380 CAS.

United States District Court,
C.D. California.

June 23, 2004.

Cody W. Zumwalt, Gregory D. Phillips, Howard Phillips & Andersen, Salt Lake City, UT, Laura K. Cuddy, Torrance, CA, for Defendants.

## FINAL JUDGMENT AND PERMANENT INJUNCTION

SNYDER, District Judge.

### I. INTRODUCTION

Plaintiff American Honda Motor Co., Inc. ("Honda") brought this action against Defendant Pro–Line Protoform and D.T. Mattson Enterprises, Inc. (together, "Defendant" or "Pro–Line") to enjoin Pro–Line from infringing Honda's trade dress by manufacturing model car bodies in the distinctive shapes of Honda's world-famous HONDA® and ACURA® automobiles and from infringing Honda's trademark rights by embossing such model car bodies with counterfeits of Honda's registered trademarks and packaging them for sale with decal sheets bearing counterfeits of Honda's registered trademarks.

Honda alleged claims for federal trade dress and trademark counterfeiting and infringement, dilution, and false designation of origin and false advertising under Sections 43(c), 32(1), and 43(a) of the Unit-

ed States Trademark Act of 1946, as amended (the "Lanham Act"), and trademark infringement under common law. The parties stipulate to the following findings of fact and conclusions of law, and consent to entry of a Permanent Injunction as set forth below. Accordingly, the Court enters the following:

### II. FINDINGS OF FACT

Honda is a California corporation with its principal place of business in Torrance, California. Honda has been granted the exclusive license to distribute goods and services in the United States in association with the trademarks and trade names of Honda Motor Co., Ltd., a Japanese company, and the right to sue for violation of Honda Motor Co., Ltd.'s rights. Defendant D.T. Mattson Enterprises, Inc. is a California corporation doing business under the name Pro–Line Protoform and conducting business at 201 West Lincoln, Banning, California 92220.

Honda manufactures and markets high quality automobiles, parts, and accessories under its world-famous HONDA® and ACURA® trademarks, as well as other related products and services (the "Honda Products"). Honda first began developing and selling automobiles in the distinctive and non-functional shape and style of its world-famous HONDA® vehicles in the early 1960s, introducing the distinctive and non-functional shape and style of its world-famous ACURA® vehicles in the early 1980s (the "Honda Trade Dress"). In addition to the Honda Trade Dress, each of these automobile brands bear or are marketed in connection with trademarks and trade names, both registered and unregistered, for which Honda has developed substantial goodwill, including without limitation HONDA®, ACURA®, CIVIC®, ACCORD®, and RSX®, as well as the design trademarks or logos that

correspond to these trademarks (the "Honda Trademarks") (together with the Honda Trade Dress, the "Honda Marks").

Honda has spent hundreds of millions of dollars and has expended significant effort in advertising and promoting authorized Honda products and services and in developing the Honda Marks throughout the world. Honda prominently displays the Honda Marks, including the trade dress of its distinctively shaped HONDA® and ACURA® vehicles, in its advertisements. As a result of such advertising and expenditures, Honda has established considerable good will in the Honda Marks, which have become widely known and recognized throughout the world as symbols of unique and high quality vehicles and services. The distinctive shapes of Honda's vehicles, including in particular the distinctive design and shape of Honda's Honda Civic, Honda Accord, and Acura RSX automobiles, are immediately identifiable and associated by the general public with Honda, and have thus acquired secondary meaning.

Subsequent to Honda's development and use of the Honda Marks and without Honda's consent, Defendant began misappropriating the Honda Marks, including the Honda Trade Dress, or nearly identical versions of such marks, by manufacturing remote control model car bodies in the shape of Honda's Honda Civic, Honda Accord, Acura RSX, and Acura RSX TYPE-S automobiles. Defendant embossed counterfeits of Honda design trademarks on such car bodies and packaged the car bodies for sale with decal sheets containing counterfeits of Honda's design trademarks to be used by the purchaser in finishing or decorating the model car bodies. In addition, Defendant used the Honda Trademarks in its product names and used the Honda Trademarks in its promotions and advertising. Honda operates a licensing program through which Honda licenses its

trademarks and trade dress to be used in connection with similar merchandise.

Defendant is in no way affiliated with or authorized or sponsored by Honda and has no authority to use the Honda Marks to identify its products or to advertise and promote its products. Defendant's misappropriation of the Honda Marks as discussed above is likely to cause potential purchasers of Defendant's products and services, as well as the public at large, to believe that Defendant's products and services are authorized, sponsored, or endorsed by Honda. In addition, Defendant's wrongful use of the Honda Marks, or nearly identical versions thereof, dilutes the distinctiveness of the Honda Marks.

## III. CONCLUSIONS OF LAW

The Court has subject matter jurisdiction over Honda's First, Second, and Third Claims for relief under 28 U.S.C. §§ 1331 and 1338(a) as such claims for relief are brought under federal trademark laws, specifically sections 43(c), 32(1), and 43(a) of the Lanham Act, 15 U.S.C. § 1051, *et. seq.* This Court has supplemental subject matter jurisdiction over Honda's Fourth Claim for relief under 28 U.S.C. § 1367. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2).

Defendant's liability for Honda's federal claims is clearly established.

**1. Honda's Claim for Trademark Counterfeiting and Infringement is Established.**

■ The parties do not dispute that (1) Defendant has used in commerce a reproduction, counterfeit, copy, or colorable imitation of a "registered mark" in connection with the sale, offering for sale, distribution, or advertising of "goods or services" (2) on or in connection with which such use was likely to cause confusion, or to cause mistake, or to deceive. 15 U.S.C.

§ 1114(1)(a). Section 1114 expressly proscribes the use of a registered mark in connection with "the sale, offering for sale, distribution, or advertising of any goods or services." *Id.*

### A. Defendant Clearly Used a Registered Mark without Authorization.

Defendant manufactured model car bodies in the identical form of the Honda Trade Dress, bearing marks identical with, or substantially indistinguishable from, Honda's registered trademarks, and offered such goods for sale in connection with Honda's registered trademarks. Honda owns numerous United States Trademark Registrations for the trademarks HONDA® (Reg. No. 0826779), ACURA® (Reg. No. 1407602), ACCORD® (Reg. No. 1053254), CIVIC® (Reg. No. 1045160), and RSX® (Reg. No. 2520942), as well as the design trademarks or logos that correspond to such marks, including HONDA STYLIZED® (Reg. No. 0826779), ACURA STYLIZED® (Reg. No. 1407602), H EMBLEM® (Reg. No. 2272458), ACURA EMBLEM® (Reg. No. 1905554), and many other related trademarks. The United States Trademark Registrations for such marks are valid and incontestable. These marks are indisputably famous and distinctive, and associated by the consuming public exclusively with Honda. There is similarly no dispute that Defendant had no authority from Honda to use the Honda Marks.

### B. Consumer Confusion is Established as a Matter of Law.

Given the strength of the Honda Marks, consumer confusion is established by Defendant's unauthorized use of the Honda Marks as a matter of law. *Dr. Ing. h.c.F. Porsche AG v. Universal Brass,* 1995 WL 420816, 34 U.S.P.Q.2d 1593 (W.D.Wash. 1995) (entering summary judgment against defendant on Porsche's § 1114 and § 1125 claims when defendant reproduced Porsche logo and crest on its products without authorization and holding "no rational trier of fact could find that confusion as to Porsche's sponsorship is unlikely"); *see also United States Jaycees v. San Francisco Junior Chamber of Commerce,* 354 F.Supp. 61, 78 (N.D.Cal.1972) ("Regardless of whether the determination of the likelihood of confusion is characterized as a question of law or of fact, where there is no genuine issue as to any material fact concerning the existence of a likelihood of confusion, this Court has clear authority to grant summary judgment."); *E.J. Gallo Winery v. Consorzio del Gallo Nero,* 782 F.Supp. 457 (N.D.Cal.1991) (finding likelihood of confusion as a matter of law and entering summary judgment in favor of plaintiff after characterizing plaintiff's trademark as "mighty fortress in the U.S. wine market").

The likelihood of confusion is to be presumed, moreover, from the fact that Defendant knowingly infringed the Honda Marks. "In the Ninth Circuit, a defendant's knowing adoption of a mark similar to the plaintiff's raises a presumption of confusion." *Sega Enters. Ltd v. MAP-HIA,* 948 F.Supp. 923, 937 (N.D.Cal.1996); *see also AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341, 354 (9th Cir.1979) ("When the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose: that is, that the public will be deceived."); *accord Mobil Oil Corp. v. Pegasus Petroleum Corp.,* 818 F.2d 254, 258 (2d Cir.1987) ("Intentional copying gives rise to a presumption of a likelihood of confusion.").

### 2. Honda's Claim for Trademark Dilution is Established as a Matter of Law.

To prevail on a claim for trademark dilution, a plaintiff need only show "that

(1) the mark is famous; (2) the defendant is making a commercial use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services." *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir.1998); *see also Porsche Cars North America, Inc. v. Manny's Porshop, Inc.*, 972 F.Supp. 1128, 1132 (N.D.Ill.1997) ("plaintiffs need only show the mark is famous and defendants' use is likely to cause dilution"). A plaintiff need not show that it is in competition with the defendant or that customers are likely to be confused. *Porsche Cars*, at 1132 (holding dilution "prohibits even innocuous use").

■■■ The famousness and distinctiveness of the Honda Marks cannot be questioned. Indeed, "Honda" and "Acura" are words that were added to the English language by Honda. They are the quintessential distinctive marks, entitled to the strongest and broadest protection available from the trademark laws. Moreover, when identical marks are used on similar goods, dilution—the capacity of the famous mark to identify and distinguish the goods of the trademark holder—obviously occurs. *See, e.g., Moseley v. V. Secret Catalogue, Inc.*, 537 U.S. 418, 123 S.Ct. 1115, 1125, 155 L.Ed.2d 1 (2003) ("It may well be, however, that direct evidence of dilution such as consumer surveys will not be necessary if actual dilution can reliably be proved through circumstantial evidence— the obvious case is one where the junior and senior marks are identical."); *see also Ford Motor Co. v. Lloyd Design Corp.*, 184 F.Supp.2d 665, 680 (E.D.Mich.2002) ("The closer the junior user comes to the senior's area of commerce, the more likely it is that dilution will result from the use of a similar mark.").

### 3. Honda's Claim for False Designation of Origin is Established.

■■■ Honda's claim for false designation of origin and false advertising requires proof only of the likelihood of confusion. *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir.1988) (" 'the ultimate test' for unfair competition is exactly the same as for trademark infringement: 'whether the public is likely to be deceived or confused by the similarity of the marks.' "). Thus, Honda's demonstration of a likelihood of confusion establishes not only Honda's trademark infringement claim, but also its claim for false designation of origin and false advertising.

Accordingly, under the facts established, Honda has satisfied the elements of each of its federal claims.

### 4. An Injunction Should Enter Barring Defendant's Use or Display of the Honda Marks.

■■■ Under the Lanham Act, when a trademark owner's rights are being violated, that party is entitled to an injunction. 15 U.S.C § 1116(a); *Century 21 Real Estate Corp.*, 846 F.2d at 1180 ("Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement. It is the remedy provided by federal and state trademark infringement statutes."); *Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135–36 (9th Cir.1986) ("If the defendants sincerely intend not to infringe, the injunction harms them little; if they do, it gives [the trademark holder] substantial protection of its trademark."); *see also Mutual of Omaha Ins. Co. v. Novak*, 836 F.2d 397, 403 n. 11 (8th Cir.1987) (holding plaintiff need not prove actual damage or injury to obtain injunction, but only likelihood of confusion among consumers). Thus, in this case,

Honda should be granted the injunctive relief that it has requested in the Complaint, specifically, an order enjoining Defendant from making any unauthorized use of the Honda Marks or otherwise deceptively or unfairly competing with Honda. *See* Complaint at ¶¶ 46 to 48.

## IV. PERMANENT INJUNCTION

Accordingly, IT IS HEREBY ORDERED that an entry of judgment be entered in this action in favor of Honda, against Defendant, as follows:

1. Defendant, and all of Defendant's agents, servants, employees, and attorneys, and all other persons in active concert or participation with Defendant who receive actual notice of this Order, are permanently enjoined from, without permission from Honda:

(a) imitating, copying, applying, or otherwise making use of in connection with any goods in commerce, any of Honda's trademarks (hereafter "Honda's Marks"), which include, but are not limited to, the marks HONDA®, ACURA®, CIVIC®, ACCORD®, and RSX®, the design trademarks or logos that correspond to such trademarks, and the distinctive and non-functional shapes of Honda's HONDA® and ACURA® automobiles;

(b) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any service or product in the form of or using any simulation, reproduction, counterfeit, copy, or colorable imitation of any or all of the Honda Marks;

(c) using any simulation, reproduction, counterfeit, copy, or colorable imitation of any Honda Mark in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any service or product, in such fashion as to relate or connect, or tend to relate or connect, such service or product in any way to Honda, or to any goods sold, manufactured, sponsored, or approved by, or connected with, Honda;

(d) using any false designation of origin or false description, or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed, or sold by Defendant is in any manner associated or connected with Honda, or is sold, manufactured, licensed, sponsored, approved, or authorized by Honda;

(e) transferring, consigning, selling, shipping, or otherwise moving any goods, packaging, or other materials in Defendant's possession, custody, or control in the form of or bearing a design or mark substantially identical to any or all of the Honda Marks; and

(f) instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2. Without written permission from Honda, Defendant shall not retain in its possession or control any products, labels, tags, signs, prints, packages, videos, photos, advertisements, computer program files, electronic images, plates, molds, or matrices that depict, bear, use, or enable the unauthorized reproduction of any of the Honda Marks or any colorable imitation of any of the Honda Marks, all pursuant to 15 U.S.C. § 1118. Unless Defendant has obtained such written permission from Honda within 60 days after the execution of this order, Defendant shall at that time surrender any such materials in its possession or under its control to Hon-

da for destruction or provide Honda with a certificate of destruction.

SO ORDERED AND ADJUDGED.